HENRY FUNDA, Respondent, *v.* SAMUEL T. BETTS et al.,
Appellants, and THOMAS J. O'BRIEN et al., Respondents,
Impleaded with Others.

*Funda* v. *Betts*, 134 App. Div. 908, affirmed.
(Argued October 27, 1910; decided November 29, 1910.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
July 13, 1909, affirming a judgment in favor of plaintiff and
defendants respondents entered upon the report of a referee
in an action to foreclose a mechanic's lien.

*George W. Gray* for appellants.

*John F. Nash* for plaintiff respondent.

*Charles E. Cooney, Willis J. Spicer* and *William Kennedy*
for defendants respondents.

*Per Curiam.* The judgment in this action forecloses
mechanics' liens in behalf of the plaintiff and the defendants
other than Samuel T. Betts and Edith L. Betts upon certain
property in the city of Syracuse. Mr. and Mrs. Betts are
the owners of the property and have been held liable upon
the ground that the repairs and improvements upon the same
were undertaken by the lessee and made by the lienors
with their consent. The judgment entered upon the report
of the referee has been unanimously affirmed by the Appel-
late Division and, therefore, this finding is conclusive upon
us. The only questions presented by the appeal arise upon
the appellants' exceptions to the conclusions of law and to
rulings upon the admission and exclusion of evidence.

"The appellants except to each and every finding of fact
and conclusion of law" contained in the referee's report,
except the first finding of fact. This exception avails nothing
to the appellants, inasmuch as the findings of fact amply sus-
tain the conclusions of law. There is a second-exception " to
the refusal of the court to find as requested, that each and
every lien mentioned and set forth in the complaint  *  *  *

be canceled and discharged of record." This exception is equally unavailable, as none of the appellants' requests to find appear in the record.

An examination of the evidence shows that the appellants have been charged with some items of work which were not properly the subject of a mechanic's lien; such, for example, as the advertising panels mentioned in the testimony of the plaintiff and described in the brief for the appellants as easels. There are no exceptions in the record, however, which would permit a modification by the deduction of items of this character. The Appellate Division might have relieved the appellants in this respect, but there is no power in this court to do so in the absence of a sufficient exception.

For these reasons the judgment must be affirmed, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur; VANN, J., not voting.

Judgment affirmed.